1  KAREN P. HEWITT
   United States Attorney
2  LUELLA M. CALDITO
   Assistant U.S. Attorney
3  California State Bar No. 215953
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California  92101-8893
5  Telephone: (619) 557-7035
   Luella.Caldito@usdoj.gov
6
   Attorneys for Plaintiff
7  UNITED STATES OF AMERICA

8

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA,          )    CRIM. CASE NO.    08CR0016-DMS
12                                     )
                                       )    DATE:        March 7, 2008
13            Plaintiff,               )    TIME:        11:00 a.m.
                                       )
14                                     )    STATEMENT OF FACTS AND MEMORANDUM
       v.                              )    OF POINTS AND AUTHORITIES IN SUPPORT OF
15                                     )    GOVERNMENT'S MOTIONS FOR RECIPROCAL
                                       )    DISCOVERY AND TO COMPEL FINGERPRINT
16  JOEL JIMENEZ-POLANCO,              )    EXEMPLARS
                                       )
17                                     )
            Defendant.                 )
18                                     )
   _____)
19

20         COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel,

21  Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney,

22  hereby files the attached statement of facts and memorandum of points and authorities in support of

23  Government's motion for reciprocal discovery and fingerprint exemplars.

24                                          **I**

25                            **STATEMENT OF THE CASE**

26         On August 27, 2007, a federal grand jury in the Southern District of California returned an

27  Indictment charging Joel Jimenez-Polanco ("Defendant") with Deported Alien Found In the United

28  States, in violation of Title 8, United States Code, Section 1326 (a) and (b).  The Indictment further

    alleged that Defendant had been removed from the United States subsequent to May 4, 2005.

1

**II**

2

**STATEMENT OF FACTS**

3

**A.     THE INSTANT OFFENSE**

4       On August 26, 2007, at approximately 9:20 p.m., Supervisory Border Patrol Scott Zimmer

5    responded to a seismic sensor activation in an area approximately eight miles west and four miles north

6    of the Tecate, California Port of Entry.  As Agent Zimmer was following footprints north on a trail,

7    he heard the rustling of nearby bushes.  When Agent Zimmer approached the bushes, several people

8    jumped up and began to run away.  Agent Zimmer identified himself as a Border Patrol agent and

9    began chasing the fleeing people.  Senior Patrol Agent James Garcia arrived on the scene to assist

10   Agent Zimmer.  With the help of a Border Patrol helicopter and after an extensive foot chase, Agent

11   James apprehended two individuals, including Defendant.  Agent Garcia conducted a field immigration

12   interview of both individuals.  Defendant admitted that he was a citizen of Mexico and did not possess

13   any valid immigration documents that would allow him to legally enter or remain in the United States.

14   Defendant was arrested and transported to the State Route 94 Checkpoint for further processing.

15       Defendant's fingerprints were entered into record checks systems, which revealed Defendant's

16   immigration and criminal history.  It was discovered that Defendant was a parolee at large.

17   Consequently, on August 28, 2007, Defendant was referred to the custody of Parole Agent Christine

18   Miller of the California State Parole for violation of parole.

19       On November 13, 2007, at approximately 8:10 a.m., Defendant was referred to the custody of

20   Immigration and Customs Enforcement.  Deportation Officer Gregory Harrison reviewed Defendant's

21   immigration record, which revealed that Defendant had been previously deported from the United

22   States to Mexico on at least nine occasions.  At approximately 10:47 a.m., Defendant was advised of

23   his Miranda rights and invoked his right to remain silent.

24

**B.     DEFENDANT'S IMMIGRATION HISTORY**

25       Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on

26   August 6, 2002, March 7, 2005 and January 19, 2006.  Defendant was physically removed from the

27   United States on several occasions, including September 17, 2001, August 6, 2002, February 10, 2003,

28   May 20, 2003, March 7, 2005, and January 23, 1006.

1

### III

### GOVERNMENT'S MOTIONS

**A.    MOTION FOR RECIPROCAL DISCOVERY**

    **A.    RULE 16(b)**

    The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

    The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness.  Because the United States has complied with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure.  The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

    **2.    RULE 26.2**

    Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant.  This rule thus provides for the reciprocal production of <u>Jencks</u> statements.

    The time frame established by the rule requires the statement to be provided after the witness has testified.  To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court.  Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

1    **B.      Motion to Compel Fingerprint Exemplars**

2           The Government requests that Defendant be ordered to make himself available for

3    fingerprint exemplars at a time and place convenient to the Government's fingerprint expert.  See

4    United States v. Kloepper, 725 F. Supp. 638, 640 (D. Mass. 1989) (the District Court has "inherent

5    authority" to order a defendant to provide handwriting exemplars, fingerprints, and palmprints).

6    Since the fingerprint exemplars are sought for the sole purpose of proving Defendant's identity,

7    rather for than investigatory purposes, the Fourth Amendment is not implicated.  The Ninth Circuit

8    in United States v. Ortiz-Hernandez, 427 F.3d 567, 576-79 (9th Cir. 2005), upheld the

9    Government's ability to compel a defendant to submit to fingerprinting for purposes of

10   identification at trial.  See United States v. Garcia-Beltran, 389 F.3d 864, 866-68 (9th Cir. 2004)

11   (citing United States v. Parga-Rosas, 238 F.3d 1209, 1215 (9th Cir. 2001)).  Furthermore, an order

12   requiring Defendant to provide fingerprint exemplars does not infringe on Defendant's Fifth

13   Amendment rights.  See Schmerber v. California, 384 U.S. 757, 770-71 (1966) (the Fifth

14   Amendment privilege "offers no protection against compulsion to submit to fingerprinting");

15   Williams v. Schario, 93 F.3d 527, 529  (8th Cir. 1996) (the taking of fingerprints in the absence of

16   Miranda warnings did not constitute testimonial incrimination as proscribed by the Fifth

17   Amendment).

18                                                **IV**

19                                          **CONCLUSION**

20          For the foregoing reasons, the United States requests that the Government's Motions be

21   granted.

22          DATED: February 29, 2008.

23                                                    Respectfully Submitted,

24                                                    KAREN P. HEWITT
                                                      United States Attorney
25

26                                                    /s/ Luella M. Caldito

27                                                    LUELLA M. CALDITO
                                                      Assistant U.S. Attorney
28                                                    Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR0016-DMS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| JOEL JIMENEZ-POLANCO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of GOVERNMENT'S NOTICE OF MOTIONS AND MOTIONS FOR RECIPROCAL DISCOVERY AND TO COMPEL FINGERPRINT EXEMPLARS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Zandra Lopez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO