KAREN P. HEWITT
United States Attorney
LUELLA M. CALDITO
Assistant U.S. Attorney
California State Bar No. 215953
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7035
Luella.Caldito@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CRIM. CASE NO.   08CR0016-DMS |
|---|---|---|
| Plaintiff, | )<br>)<br>) | DATE:   March 7, 2008<br>TIME:   11:00 a.m. |
| v. | )<br>)<br>)<br>) | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO:<br>(1)   COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND |
| JOEL JIMENEZ-POLANCO, | )<br>) | (2)   GRANT LEAVE TO FILE FURTHER MOTIONS |
| Defendant. | )<br>)<br>)<br>) | |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Luella M. Caldito, Assistant United States Attorney, and hereby files its Response in Opposition to Defendant's above-referenced Motions. This Response is based upon the files and records of this case.

**I**

**STATEMENT OF THE CASE**

On August 27, 2007, a federal grand jury in the Southern District of California returned an Indictment charging Joel Jimenez-Polanco ("Defendant") with Deported Alien Found In the United

States, in violation of Title 8, United States Code, Section 1326 (a) and (b). The Indictment further alleged that Defendant had been removed from the United States subsequent to May 4, 2005.

## II

## STATEMENT OF FACTS

**A.     THE INSTANT OFFENSE**

On August 26, 2007, at approximately 9:20 p.m., Supervisory Border Patrol Scott Zimmer responded to a seismic sensor activation in an area approximately eight miles west and four miles north of the Tecate, California Port of Entry. As Agent Zimmer was following footprints north on a trail, he heard the rustling of nearby bushes. When Agent Zimmer approached the bushes, several people jumped up and began to run away. Agent Zimmer identified himself as a Border Patrol agent and began chasing the fleeing people. Senior Patrol Agent James Garcia arrived on the scene to assist Agent Zimmer. With the help of a Border Patrol helicopter and after an extensive foot chase, Agent James apprehended two individuals, including Defendant. Agent Garcia conducted a field immigration interview of both individuals. Defendant admitted that he was a citizen of Mexico and did not possess any valid immigration documents that would allow him to legally enter or remain in the United States. Defendant was arrested and transported to the State Route 94 Checkpoint for further processing.

Defendant's fingerprints were entered into record checks systems, which revealed Defendant's immigration and criminal history. It was discovered that Defendant was a parolee at large. Consequently, on August 28, 2007, Defendant was referred to the custody of Parole Agent Christine Miller of the California State Parole for violation of parole.

On November 13, 2007, at approximately 8:10 a.m., Defendant was referred to the custody of Immigration and Customs Enforcement. Deportation Officer Gregory Harrison reviewed Defendant's immigration record, which revealed that Defendant had been previously deported from the United States to Mexico on at least nine occasions. At approximately 10:47 a.m., Defendant was advised of his Miranda rights and invoked his right to remain silent.

**B.     DEFENDANT'S IMMIGRATION HISTORY**

Defendant is a citizen of Mexico who was ordered deported by an Immigration Judge on August 6, 2002, March 7, 2005 and January 19, 2006. Defendant was physically removed from the

1 United States on several occasions, including September 17, 2001, August 6, 2002, February 10, 2003,
2 May 20, 2003, March 7, 2005, and January 23, 1006.

### III

### ARGUMENT

**A.     Motion to Compel Discovery**

The United States has and will continue to fully comply with its discovery obligations. To date, the United States has produced 166 pages of discovery and a DVD copy of Defendant's post-arrest statements an the audiotape of Defendant's deportation hearing. Additionally, on February 12 and February 14, 2008, the United States provided defense counsel with the opportunity to view Defendant's A-file. However, defense counsel had to cancel both appointments. An A-file viewing is currently scheduled for March 6, 2008. As of today, the United States has received no reciprocal discovery. Counsel believes that all discovery disputes can be resolved amicably and informally in this case. In view of the below-stated position of the United States concerning discovery, it is respectfully requested that no orders compelling specific discovery by the United States be made at this time.

1.     Brady Information

The United States is well aware of and will continue to perform its duty under Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id. at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all

witnesses. United States v. Taylor, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. United States v. Gering, 716 F.2d 615, 621 (9th Cir. 1983); United States v. Angelini, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

### 2. Any Proposed 404(b) Evidence

The United States will disclose, in advance of trial, the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Federal Rule of Evidence 404(b).

### 3. Request for Preservation of Evidence

The United States will preserve all evidence to which the Defendants are entitled pursuant to the relevant discovery rules.

### 4. Defendant's Statements

The United States recognizes its obligation under Federal Rules of Criminal Procedure ("Rules") 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant any written statements and the substance of Defendant's oral statements. The United States has produced all of Defendant's statements, that are known to the undersigned Assistant U.S. Attorney at this time. If the United States discovers additional oral or written statements that require disclosure under the relevant Rules, such statements will be promptly provided to Defendant.

The United States has already provided defense counsel with a DVD copy of Defendant's post-arrest interview.

The United States has no objection to the preservation of the handwritten notes taken by any of the Government's agents and officers. See United States v. Harris, 543 F.2d 1247, 1253 (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective government witnesses). However, the United States objects to providing Defendant with a copy of any rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d

582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant

5. Tangible Objects

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. The United States, however, need not produce rebuttal evidence in advance of trial. See United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

6. Expert Witness

The United States will comply with Rule 16(a)(1)(G) and provide Defendant with a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703 or 705.

7.   Witness Addressses

The United States objects to this request as overbroad, unnecessary, and unsupported. Through discovery, Defendant has the names of the officers and agents involved in her arrest. In addition, the United States will provided Defendant with a list of witnesses it intends to call in its trial memorandum. The United States objects to the request for the name and address of witnesses who will not be called by the Government at trial as overbroad and irrelevant.

8.   Jencks Act Material

The United States will comply with its discovery obligations under the Jencks Act, Title 18, United States Code, Section 3500, and as incorporated in Rule 26.2.

9.   Informants and Cooperating Witnesses

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The Government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. Roviaro v. United States, 353 U.S. 53, 59 (1957). If there is a confidential informant involved in this case, the Court may, in some circumstances, be required to conduct an in-chambers inspection to determine whether disclosure of the informant's identity is required under Roviaro. See United States v. Ramirez-Rangel, 103 F.3d 1501, 1508 (9th Cir. 1997). If the United States determines there is a confidential informant somehow involved in this case, the United States will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection.

10.   Specific Request

On February 6, 2008, the Government invited defense counsel to view Defendant's A-file. On February 12, 2008 and February 14, 2008, the United States provided defense counsel with the opportunity to view Defendant's A-file. However, defense counsel had to cancel both appointments. An A-file viewing is currently scheduled for March 6, 2008.

11.   Residual Request

The United States has complied with Defendant's residual request for prompt compliance with Defendant's discovery requests and will continue to do so.

**B.     Motion for Leave to File Further Motions**

The Government opposes this request unless the motion is based upon newly discovered evidence not available to Defendant at the time of the motion hearing.

### IV

### CONCLUSION

For the foregoing reasons, the United States requests that Defendant's Motions be denied where opposed.

DATED: February 29, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Luella M. Caldito

LUELLA M. CALDITO
Assistant U.S. Attorney
Luella.Caldito@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.08CR0016-DMS |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JOEL JIMENEZ-POLANCO, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, LUELLA M. CALDITO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of:

GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS TO (1) COMPEL DISCOVERY AND PRESERVE EVIDENCE; AND (3)GRANT LEAVE TO FILE FURTHER MOTIONS

on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Zandra Lopez

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case: None.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 29, 2008.

/s/ Luella M. Caldito
LUELLA M. CALDITO